NOT FOR PUBLICATION                                                    CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MARVIN TILLMAN,                     :
                                    : Hon. Stanley R. Chesler, U.S.D.J.
                                    : Civ. A. No. 09-CV-03312
        Petitioner,                 :
                                    : **OPINION AND ORDER**
        v.                          :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____ :

## CHESLER, District Judge

This matter comes before the Court on the motion of pro se Petitioner Marvin Tillman to vacate, set aside, correct, amend or modify his sentence pursuant to 28 U.S.C. § 2255 (docket item #1). The United States of America has opposed this motion (docket item #9). After consideration of the parties' briefing, the Court has determined that it will deny the motion to vacate, set aside, correct, amend or modify the sentence. In the following discussion, the Court gives its reasons for the decision.

I.   Background

Petitioner Marvin Tillman ("Tillman") conspired with several individuals to rob an armored car. Tillman's primary role in the conspiracy was to drive the getaway car. After the robbery was effectuated, law enforcement officials spotted the getaway car and arrested Tillman and the co-conspirators. Bags of cash, a handgun and ammunition were

also recovered. On March 15, 2007, the parties entered into a written plea agreement, which stated, in part:

> this Office will accept a guilty plea from Marvin Tillman to Count One of the Indictment, Crim. No. 06-528 (SRC), which charges that on or about February 14, 2006, he knowingly and wilfully conspired to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the armed robbery of an armored car and did commit and threaten physical violence in furtherance of said plan, in violation of Title 18, United States Code, Section 1951(a).

On May 2, 2007, Tillman pled guilty to conspiring to rob an armored vehicle and to commit and threaten physical violence in furtherance of that plan, in violation of 18 U.S.C. § 1951(a). The terms of the plea were discussed at the plea hearing and also recorded in Tillman's Application for Permission to Enter a Plea of Guilty. On March 5, 2008, this Court held a sentencing hearing and sentenced Tillman to a 140-month term of imprisonment. On March 11, 2008, Tillman appealed the sentence, arguing that the Court improperly considered the full value of the money in the armored car and that the Court was clearly erroneous in finding that it was reasonably foreseeable that a firearm would be discharged during the robbery. On February 9, 2009, the Third Circuit affirmed this Court's ruling.

II. Discussion

Petitioner Marvin Tillman has filed a motion to vacate, set aside, correct, amend or modify his sentence pursuant to 28 U.S.C. § 2255. In support of his motion, Tillman asserts he was deprived of effective assistance of counsel as: a) "counsel advised him that he was not pleading to armed robbery of the armored vehicle," b) counsel failed to object to the fact that the Pre-Sentence Report ("P.S.R.") miscalculated his criminal history, and

c) Tillman was sentenced under the wrong Sentencing Guidelines.

      A.  Counsel Allegedly Told Tillman That Tillman Was Not Pleading Out To Armed Robbery Of An Armored Vehicle.

As held by the Supreme Court, in order to demonstrate ineffective assistance of counsel, a showing must be made "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).  Although the Court must accept the truth of Tillman's nonfrivolous factual allegations, the Court is entitled to reject frivolous claims. Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).  Here, the Court rejects the claim that counsel advised Tillman that Tillman was not pleading out to armed robbery of an armored vehicle.  The Complaint and Indictment clearly stated that armed robbery of an armored vehicle was the offense charged.  Furthermore, the written plea agreement and the application for permission to enter a plea of guilty also clearly demonstrate that Tillman was pleading out to armed robbery of an armored vehicle.

      B.  Failure To Object To The Calculation Of Tillman's Criminal History In The Pre-Sentencing Report.

Tillman asserts that his attorney was ineffective by failing to object to the fact that the P.S.R. inappropriately treated two prior offenses as separate offenses.  In short, despite Tillman's contentions, there is no basis for treating the two offenses as the same offense.  The two offenses were committed two years apart, resulted in two separate indictments and sentenced on different days.  Tillman's argument regarding the calculation of his criminal history does not meet the requirements of Strickland.

  C. Incorrect Sentencing Guidelines

Tillman argues that he should have been sentenced pursuant to the November 1, 2008 Guidelines, rather than the November 1, 2005 Guidelines.  In actuality, Tillman was sentenced pursuant to the November 1, 2007 Guidelines.  Regardless, the applicable guideline, U.S.S.G. § 2B3.1, has not been changed since 2001.  Therefore, regardless of the Guidelines used, the result would have been the same.  Consequently, Tillman has failed to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Strickland</u>, 466 U.S. at 694; <u>Government of Virgin Islands v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1989).

III. Conclusion

  For the reasons discussed above, the motion of <u>pro se</u> Petitioner Marvin Tillman to vacate, set aside, correct, amend or modify his sentence pursuant to 28 U.S.C. § 2255 (docket item #1) be and hereby is denied;

  **IT IS** on this 3rd day of December, 2009,

  **ORDERED** that Petitioner's motion to vacate, set aside, correct, amend or modify his sentence pursuant to 28 U.S.C. § 2255 (docket item #1) be and hereby is **DENIED**; and it is further

  **ORDERED** that this case is **CLOSED**.

                 s/ Stanley R. Chesler
                 Stanley R. Chesler, U.S.D.J.

Dated: December 3, 2009